IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JAMES M. BARRERA,**

                     **Petitioner,**

          **v.**                                      **CASE NO. 12-3209-SAC**

**STATE OF KANSAS, et al.,**

                     **Respondents.**


**O R D E R**

This matter comes before the court on a pro se pleading[1] construed by the court as seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner in the custody of the Kansas Department of Corrections, also seeks leave to proceed in forma pauperis in this matter.

Petitioner is serving sentences imposed in April 2012 for his convictions on drug charges in two Sherman County District Court cases. In this action he contends the prosecuting attorney violated petitioner's rights under the Double Jeopardy Clause by charging petitioner twice for the same offense. Petitioner seeks his release from custody, to have his sentences vacated, and damages.

Under § 2254, a petitioner in custody pursuant to a state court judgment can seek a writ of habeas corpus to address alleged constitutional error in that state court judgment. To seek such

---

[1] Petitioner submitted a court approved form complaint for prisoners to file under 28 U.S.C. § 1331 and asserted jurisdiction under 42 U.S.C. § 1983.

relief, however, the petitioner must first fully exhaust state court remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)("a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").  This requires a state prisoner to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  Id. at 845.  Petitioner bears the burden of showing exhaustion.  *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir.1993).

Because there is nothing on the face of the petition to suggest that petitioner has exhausted state court remedies on his double jeopardy claim regarding his recent convictions, the court finds this action should be dismissed without prejudice to petitioner refiling a habeas corpus petition on a court approved form after fully exhausting state court remedies.

To the extent the pleading presents itself as seeking damages under 42 U.S.C. § 1983 for the alleged violation of petitioner's constitutional rights in his state convictions, petitioner is advised that damages are not available in habeas corpus.  Instead, to pursue such relief plaintiff must proceed in a civil rights action under 42 U.S.C. § 1983 when he is able to show that the challenged conviction has been reversed, expunged, or otherwise invalidated.  *See Heck v. Humphrey*, 512 U.S. 477 486-87 (1994)(stating favorable termination rule requirement for seeking damages).  Absent such a showing, a claim for damages arising from a conviction or sentence is not cognizable under § 1983.  *See id*.

IT IS THEREFORE ORDERED that petitioner's motion for leave to

proceed in forma pauperis (Doc. 2) is provisionally granted for the limited purpose of dismissing without prejudice the petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The clerk's office is to provide petitioner with a court approved form for filing under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:  This 31st day of October 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge